JOSEPH BURROWS *et al.*, appellants, *vs.* EDWARD E. BOURNE, JR., administrator.

York.   Decided February 27, 1877.

*Probate court.*

The heirs of the intestate have no right to appeal from the decree of the judge of probate accepting the report of commissioners under c. 115, of the statutes of 1859.   (R. S. c. 64, § 51.)

Neither can they appeal in the name of the administrator, without his knowledge and consent, or against his will.

Such appeal is not valid.

A payment made in accordance with an accepted report of the commissioners is properly allowed in the account of the administrator, notwithstanding an invalid and unauthorized appeal has been taken by the heirs at law in the name, but without the knowledge or consent, and against the will of such administrator.

*I. S. Kimball,* for the appellants.

*E. E. Bourne,* for the defendant.

APPLETON, C. J.  This is an appeal from a decree of the judge of probate, at a probate court, holden on the first Tuesday of August, 1869, allowing the first account of Love Burrows, administratrix of the estate of Joseph Burrows, and ordering the same to be recorded.

Love Burrows was duly appointed administratrix on the estate of Joseph Burrows.  Claims having been presented by John B. Burrows and Allen W. Burrows, which the administratrix deemed "exorbitant, unjust and illegal," she petitioned the judge of probate for the appointment of commissioners "to determine whether any and what amount shall be allowed on said claim."  In pursuance of this petition, the judge of probate appointed Thomas M. Wentworth and Isaac H. Fall as commissioners, who, after giving due notice to all parties interested, of the time and place of hearing, made their report in writing, allowing John B. Burrows $853.17.  Their report was duly filed in the probate office; and at a probate court holden July 6, 1869, the judge of probate decreed that the same be accepted.

On July 13, this claim was paid by the administratrix.

On July 19, Joseph Burrows and Allen W. Burrows, heirs at law of Joseph Burrows, deceased, filed a paper in the probate office, the concluding part of which is in these words: "With which said decree on said John B. Burrows' said claim and the decision of said commissioners on said claim, the undersigned being children of said Joseph Burrows, deceased, and heirs at law of his estate, are dissatisfied, and within twenty days after said report of commissioners is made and the decree accepting it, I,

Love Burrows, the administratrix on the estate of said deceased, hereby appeal therefrom so far as relates to John B. Burrows' claim, and hereby give written notice thereof at the probate office in said county. Dated July 19, 1869. (Signed) Love Burrows, administratrix, by request of Joseph Burrows; Allen W. Burrows, by attorney, I. S. Kimball."

On September 28, 1869, Love Burrows filed in the probate office an affidavit, stating that the appeal "purporting to be made in her name as administratrix as aforesaid by Joseph Burrows and Allen Burrows, as heirs at law, from a decree of the judge of probate . . on the 6th of July, A. D. 1869, in accepting the report of Thomas M. Wentworth and Isaac H. Fall, commissioners on disputed claims duly appointed under the provisions of the law of A. D. 1869, was made by Joseph Burrows and Allen W. Burrows without any previous consultation had with her (me) in relation to making and claiming said appeal, that the former was made without her (my) knowledge, consent or authority, and that she (I) had no information that said appeal was made or requested until she (I) had paid John B. Burrows the full amount of his claim as allowed to him by said commissioners, set forth in their report, allowed and decreed to be accepted by said judge of probate," &c.

On October 5, 1869, by her attorney, the administratrix filed in the probate office a waiver of all appeals taken in her name with a prayer that the same be no further prosecuted in her name.

These proceedings are under the act of 1859, c. 115. But under that, the report of the commissioners is final "saving the right of appeal."

But here has been no appeal. The heirs at law as such could not appeal. *Reed* v. *Foster*, 54 Maine, 499. But the only appeal is by them. The administratrix did not appeal, nor authorize, nor know of an appeal in her name. This is abundantly manifest.

The report of the commissioners being duly accepted by the judge of probate, and no valid appeal having been taken, the amount allowed must be regarded as a just debt.

It should be further observed that the appellants, in what they claim to be an appeal from the decree of the judge of probate

accepting the report of the commissioners, have filed no bond whatever.

The administratrix, having paid John B. Burrows, the sum of $853.17, was allowed the same in her first account, at a probate court holden on the first Tuesday of August, 1869. The present appeal is taken because this sum was allowed on the ground that the decree affirming the report of the commissioners had been vacated by appeal, because if not so vacated, their report is final. But we have seen there was no valid appeal.

Indeed, in their appeal in this case the appellants set forth that being children of said Joseph Burrows, deceased, and heirs at law of his estate, they were dissatisfied, and within twenty days after said report of said commissioners and the decree accepting it, were made, they in the name of Love Burrows as administratrix with their own names attached thereto appealed in writing from said decree of the judge of probate allowing said claim of John B. Burrows, &c. But they do not assert the least particle of authority for their action in the premises from the administratrix. It will hardly be pretended that they had a right to appeal in the name of the administratrix without her consent or authority and against her will.

*Appeal dismissed. Decree of judge*
*of probate affirmed with costs.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.